**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERDIE GIATTINA, personal
representative for the Estate of
Thomas E. Giattina,
Plaintiff-Appellant,

v.

No. 96-1641

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-94-1263)

Submitted: June 24, 1997

Decided: September 26, 1997

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dallas K. Mathis, Judith Mathis, MATHIS & MATHIS, P.C., Arlington, Virginia, for Appellant. James A. Winn, Acting Chief Counsel, Region III, Margaret J. Krecke, Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Helen Fahey, United States Attorney, Mere-

dith Manning, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas E. Giattina**1** appeals the district court's order affirming the Commissioner's decision that his disability insurance benefits are subject to the offset provisions of 20 C.F.R. § 404.408 (1996)**2** based on his receipt of a federal pension. Appellant claims on appeal that

_____

**1** Mr. Giattina died during the pendency of this appeal. This court granted his widow's motion for substitution of parties. Mrs. Giattina has continued to prosecute this appeal and will be referred to as Appellant.

**2** The offset provision codified at 42 U.S.C. § 424a (1994) is implemented by 20 C.F.R. § 404.408 (1996). The regulation reads in pertinent part:

> (a) When reduction required. Under section 224 of the Act, a disability insurance benefit to which an individual is entitled under section 223 of the Act for a month . . . is reduced . . . if:
>
> . . .
>
> (2) The individual first became entitled to disability insurance benefits after August 1981 based on a disability that began after February 1981 and
>
> (i) The individual entitled to the disability insurance benefit is also, for that month, concurrently entitled to a periodic benefit (including worker's compensation or any other payments based on a work relationship on account of a total or partial disability (whether or not permanent) under a law or plan of the United States . . . and
>
> (ii) The individual has not attained age 65.

2

the Commissioner erred in interpreting the language of her own regulations.**3** In light of the deference accorded the Commissioner in such matters, we affirm the district court's order.

Giattina was stricken with retinitis pigmentosa in 1965 and was statutorily blinded by the disease. Although he was entitled to disability insurance benefits for nearly two years, that entitlement ended when he returned to work with the Department of Commerce. Twenty years of service earned him a federal disability retirement pension. Shortly after he reached 55 years of age, Giattina left the Department of Commerce and again applied for disability insurance benefits. After a tortured administrative procedural history, the Commissioner issued a final decision concluding that, based on § 404.408, Giattina's disability insurance benefits would be offset by his federal pension. In doing so, the Commissioner interpreted the language "first became entitled to . . . benefits" embodied in the regulation to mean the date of onset of entitlement to benefits for any given period of disability. In addition, the Commissioner further interpreted the regulations as properly treating Giattina's blindness as two separate disabilities.

The Commissioner's interpretation of her own regulations is entitled to deference from the courts. United States v. Boynton, 63 F.3d 337, 342 (4th Cir. 1995). Nonetheless, "the interpretation will not be enforced if it is plainly erroneous or inconsistent with the regulation's language or the intent of the regulation as manifest by the agency at the time of the regulation's promulgation." Id. In this case, the issue reduces to whether the Commissioner's interpretation of § 404.408 was plainly erroneous or inconsistent with the regulation's language. Appellant contends that neither clause of § 404.408(a)(2) accurately described Giattina. On this basis, the Appellant suggests that the Commissioner's interpretation subjecting Giattina to the offset provision is erroneous.

Appellant argues that two elements of the Commissioner's interpretation are erroneous. In Appellant's estimation, Giattina either "first became entitled to . . . benefits" in March 1966--well before

_____

**3** Appellant does not challenge the validity of § 404.408 itself. Therefore, the question of whether that regulation constitutes a valid interpretation of the governing statute, 42 U.S.C. § 4249, is not before us.

3

August 1981--"based on" his blindness (his"disability"), which began in August 1965--well before February 1981. See 20 C.F.R. § 404.408(a)(2). If either is true, in Appellant's view, the offset provision does not apply. She urges that the Commissioner's interpretation of the language "first became entitled to . . . benefits" was in error and that the Commissioner erred in considering Giattina's blindness as two separate disabilities.

The Commissioner's interpretation is not plainly erroneous or inconsistent. Although "first" often suggests sequential ranking, the Commissioner may properly employ the term to mean"beginning" or "at the outset," as in "first off," describing the onset of a given disability. See Random House Webster's College Dictionary (1992).**4** It may well be that Appellant's interpretation of the regulation gives the more obvious meaning to the word "first" and is therefore "more reasonable." Even so, Appellant has not discharged her burden of showing that the agency's interpretation is plainly erroneous. Allen v. Bergland, 661 F.2d 1001, 1005 (4th Cir. 1981) (citing United States v. Larionoff, 431 U.S. 864 (1977)). In light of the deference to be afforded her interpretation, we conclude that the Commissioner did not adopt a plainly erroneous or inconsistent reading of the regulation by construing "first became entitled to . . . benefits" to mean as of the date of the beginning of the current eligibility of benefits as opposed to some later date during the claimant's entitlement.

The same is true of the Commissioner's conclusion that Giattina's second application for benefits constitutes a second, separate disability, which began only with his inability to continue"substantial gainful activity" in May of 1988. Giattina was "disabled" in 1966. That disability lasted until he obtained substantial gainful activity. When, after twenty years, Giattina was no longer able to engage in that activity, he was once again disabled, leading to two distinct periods of disability for the purposes of the regulation. The disability in question,

_____

**4** The reasonableness of the Commissioner's interpretation of "first" is further buttressed by the Example at subsection (k) of the regulation, which applies the offset provision notwithstanding the fact that the woman in the Example had a prior period of disability similar to Giattina's.

4

then, began in 1988 and brings Giattina squarely within the offset provision.**5**

Appellant argues that the Commissioner's interpretation of the regulations "requires a pretense that [his] first entitlement and period of disability . . . never existed." Appellant's Br. at 14. This overstates the matter. Because of the "based on a disability that began after" language, the Commissioner's interpretation of the regulation adequately addresses the possibility that, as here, a claimant has been afflicted with two separate disabilities. As with the interpretation of the "first became entitled to . . . benefits" language, the Commissioner's interpretation of the regulations which would allow Giattina's blindness to be treated as two distinct disabilities is not "plainly erroneous" or contrary to the regulations' language.

As a result, we affirm the district court's order granting the Commissioner's motion for summary judgment and affirming the determination that Giattina's benefits be subject to the offset be affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED
_____

**5** Appellant urges the court to interpret § 404.408 in light of 20 C.F.R. § 1586(b) (1996). That section provides that if the Commissioner discontinues cash benefits to a person with blindness,"the period of disability that [the Commissioner] established for you will continue." Id. However, as the Commissioner notes, "period of disability" in the context of the regulations does not definitively establish whether Giattina's blindness was one disability or two. Rather, that term is used by the Commissioner to protect a claimant's earnings record so that the time a claimant is disabled will not diminish the calculation of the claimant's qualifying period. 20 C.F.R. § 1582 (1996). In fact, the very regulations to which Appellant cites recognize blindness as two separate disabilities. See 20 C.F.R. § 1582-1584 (distinguishing the requirements for a blindness disability among claimants at least 55 years of age from the requirements for a blindness disability for claimants under age 55).

5